ALBERT & HARRISON, INC., Respondent, *v.* COLONIAL SAND & STONE CO., INC., Appellant.

*Per Curiam.* Plaintiff had the burden of establishing that any defect in the final strength of the transit mix concrete was caused by defendant. In its verified bill of particulars plaintiff enumerated with great particularity alleged imperfections in the concrete mix, but did not specify that the structural weakness in the concrete was due to an excess amount of water added by the defendant at the time the concrete was poured, which was its sole claim at the trial. Moreover, from the plaintiff's own case it affirmatively appeared that the deterioration in quality might have been produced by segregation due to handling on the job as well as by the addition of·too much water. There was evidence, too, that other factors for which defendant was not responsible under its contract with plaintiff might have brought about the deficiency in the compressive strength of the concrete. Plaintiff's claim that the concrete delivered was defective solely because of the use by defendant of an excess amount of water in the mix was not established.

Upon all the evidence, we think defendant's motion made at the conclusion of the trial in the City Court to set aside the verdict on the ground that it was against the weight of the credible evidence should have been granted.

The determination of the Appellate Term and the judgment of the City Court should be reversed, the verdict of the jury set aside and a new trial ordered, with costs to appellant to abide the event.

Martin, P. J., Dore, Cohn, Callahan and Peck, JJ., concur.

Determination of the Appellate Term and judgment of the City Court unanimously reversed and a new trial ordered, with costs to the appellant to abide the event. [See *post,* p. 893.]